UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| T-MOBILE NORTHEAST, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SELECTIVE INSURANCE COMPANY OF AMERICA, <br><br> Defendant. | CASE NO. C17-1289JLR <br><br> ORDER ON MOTION TO DISMISS OR STAY |

## I. INTRODUCTION

Before the court is Defendant Selective Insurance Company of America's ("Selective") motion to dismiss or stay. (MTD (Dkt. # 6); Selective Supp. (Dkt. # 17).) Plaintiff T-Mobile Northeast, LLC ("T-Mobile NE") opposes dismissal and the basis on which Selective requests a stay but agrees that the court should stay this matter. (Resp. (Dkt. # 10); T-Mobile NE Supp. (Dkt. # 19).) The court has considered Selective's motion, the parties' submissions in support of and in opposition to the motion, the

ORDER - 1

relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS Selective's motion and STAYS this matter but for reasons other than those raised by the parties.

## II. BACKGROUND

**A. The 2015 Action**

In a related case, T-Mobile USA—T-Mobile NE's parent company—asserted that (1) it was an additional insured under a Selective insurance policy or otherwise entitled to defense costs under that policy, and (2) Selective wrongfully failed to defend and indemnify T-Mobile USA in litigation in New York State ("the New York Action").[2] *See T-Mobile USA v. Selective Ins. Co. of Am.*, No. C15-1739JLR (W.D. Wash.) ("the 2015 Action"), Dkt. ## 1-1 ("Compl."), 6/27/17 Order, 10/19/17 Order. T-Mobile USA sought a declaratory judgment that Selective was contractually obligated to defend and indemnify T-Mobile USA in the New York Action, and brought claims for (1) breach of the insurance contract, (2) attorneys' fees, (3) breach of the duty of good faith and fair dealing, (4) violation of the Washington State Consumer Protection Act ("CPA"), RCW 19.86, *et seq.*, and (5) coverage by estoppel. *Id.*, Compl. ¶¶ 24-44.

//

---

[1] Selective requests oral argument (MTD at 1), but the court determines that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] The extensive factual background of that case is set forth more fully in the court's orders on the cross-motions for summary judgment and T-Mobile USA's motion for reconsideration. *See T-Mobile USA v. Selective Ins.*, No. C15-1739JLR, Dkt. ## 82 ("6/27/17 Order"), 92 ("10/19/17 Order").

The parties in that case cross-moved for summary judgment. *See id.*, 6/27/17 Order. On June 27, 2017, the court denied T-Mobile USA's motion for partial summary judgment, granted in part Selective's motion for summary judgment, and reserved ruling in part on Selective's motion. (*Id.* at 2.) Specifically, on T-Mobile USA's breach of contract and insurance bad faith claims, the court denied T-Mobile USA summary judgment and granted Selective summary judgment, and reserved ruling on Selective's motion for summary judgment on the consumer fraud claim. *See generally id.* Of particular relevance for the present case, the court concluded that T-Mobile USA was not entitled to coverage under the policy as T-Mobile NE's parent corporation. *See id.* at 16-36. T-Mobile USA later moved for reconsideration, which the court denied. *See id.*, Dkt. # 83 ("MFR"), 10/19/17 Order. The court also concluded that no further claims or issues remained for decision and denied as moot Selective's motion for summary judgment on the consumer fraud claim. *Id.*, 10/19/17 Order. T-Mobile USA has since appealed to the Ninth Circuit Court of Appeals. *See id.*, Dkt. ## 93 ("Judgment"), 94 ("Not. of Appeal").

B.  **The New Jersey Action and This Action**

Based on the court's rulings, on June 28, 2017, T-Mobile NE tendered its own claim for defense and indemnification to Selective. (*See* Sheridan Decl. (Dkt. # 11) ¶ 18, Ex. Q (Dkt. # 11-17) ("Tender") at 3; *see also* Tindal Decl. (Dkt. # 7) ¶ 8, Ex. G (Dkt. # 7-7) ("Denial") at 2.) Selective acknowledged receipt of T-Mobile NE's claim, investigated the claim, and on July 27, 2017, denied coverage based on the policy's Professional Services Exclusion. (*See* Denial at 2-5.) That same day, after T-Mobile NE

received Selective's denial, counsel for T-Mobile NE emailed Selective's counsel to seek "confirm[ation] that Selective would agree not to try to institute litigation regarding the denial of the T-Mobile [NE] tender until [the undersigned judge] decides the pending motion for reconsideration" in the 2015 Action. (Sheridan Decl. ¶ 20, Ex. S (Dkt. # 11-19) at 2.) However, earlier that day at 8:48 a.m. PDT, Selective had filed a declaratory judgment action in the Superior Court of New Jersey ("the New Jersey Action"). (Tindal Decl. ¶ 9, Ex. H (Dkt. # 7-8) ("NJ Compl.") at 5, 11-13.) At 2:03 p.m. PDT, T-Mobile NE filed this case in King County Superior Court, "prompted" by Selective's suit to file the case as a "'placeholder.'" (Resp. at 3; *see also* Compl. (Dkt. # 1-1).)

T-Mobile NE removed the New Jersey Action to the District Court for the District of New Jersey. (Tindal Decl. ¶ 11, Ex. J (Dkt. # 7-10) ("Not. of Removal").) In that case, Selective seeks a declaration that it has no duty to defend or indemnify T-Mobile NE in the New York Action. (NJ Compl. at 5, 11-13.) On February 23, 2018, T-Mobile NE moved to stay the New Jersey Action pending resolution of T-Mobile USA's appeal of the 2015 Action. (*See* 2d Tindal Decl. (Dkt. # 18) ¶ 5, Ex. D (Dkt. # 18-4) ("T-Mobile NE Mot.") at 24 (arguing for a stay based on the court's inherent authority).) Magistrate Judge Michael A. Hammer denied the motion, concluding that "T-Mobile [NE]'s central premise for its motion—i.e., that the Ninth Circuit's resolution of its appeal in the [2015 Action] will moot [the New Jersey Action]—is too speculative and attenuated to warrant a stay." (*Id.* ¶ 8, Ex. G (Dkt. # 18-7) at 15.) T-Mobile NE appealed Magistrate Judge Hammer's decision to District Judge Madeline Cox Arleo. (*See* 2d Sheridan Decl. (Dkt.

# 20) ¶ 2, Ex. A (Dkt. # 20-1) ("NJ Appeal"). Judge Arleo has not yet ruled on that appeal. *See Selective Ins. Co. of Am. v. T-Mobile Ne., LLC*, No. C17-6420-MCA-MAH, Dkt. (D.N.J.).[3]

Here, T-Mobile NE seeks a declaration that Selective is obligated to defend and indemnify T-Mobile NE in the New York Action and brings claims for breach of contract, attorneys' fees, bad faith, violation of the CPA, and coverage by estoppel. (Compl. ¶¶ 141-58.) Selective removed the case on August 24, 2017 (*see* Not. of Removal (Dkt. # 1)), and shortly thereafter, filed the instant motion to dismiss or stay (*see* MTD). On May 17, 2018, the Honorable Robert S. Lasnik transferred this case to the undersigned judge as related to the 2015 Action. (*See* Dkt. (5/17/18 entry).) Upon transfer, the court ordered supplemental briefing on Selective's motion. (*See* 5/18/18 Order (Dkt. # 16).)

### III.   ANALYSIS

Selective contends that this action is identical to the New Jersey Action and therefore seeks a dismissal or stay under the first to file rule.[4] (*See* MTD at 2.) T-Mobile

---

[3] The court takes judicial notice of the docket in the New Jersey Action. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

[4] Under the first to file rule, a district court may transfer, stay, or dismiss a case when there is an earlier suit involving similar parties and issues. *See Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). The court considers three factors to determine whether the rule applies: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *See Warshawer v. Tarnutzer*, No. C14-1042RSM, 2014 WL 12513595, at *2 (W.D. Wash. 2014) (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)). However, the court need not do so where the first suit was in bad faith, anticipatory, or the result of forum shopping. *See Alltrade*, 946 F.2d at 627.

NE "nominally agrees" that the court should stay this case but argues that the stay should instead be based on finding that the 2015 Action is the first-filed case. (Resp. at 2.) Thus, the parties agree to a stay but dispute the basis on which it should be granted.

The court concludes that a stay is appropriate but does so pursuant to its inherent authority rather than the first to file rule.[5] "[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *see Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The [court] has broad discretion to stay proceedings as an incident to its power to control its own docket."). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). A court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)

---

[5] Selective moves to dismiss this action or, in the alternative, for a stay. (*See* MTD at 2.) Courts often impose a stay instead of dismissal when the court may eventually need to resolve additional issues. *See, e.g.*, *King v. Standard Metals Processing, Inc.*, No. 2:14-CV-751 JCM (NJK), 2014 WL 6908491, at *5 (D. Nev. Dec. 9, 2014); *In re Com21, Inc.*, 357 B.R. 902, 810 (Bankr. N.D. Cal. 2006); *cf. Campbell v. Annie's Homegrown, Inc.*, No. 17cv1736-MMA (MDD), 2017 WL 6406703, at *5 (S.D. Cal. Dec. 15, 2017) (declining to dismiss in favor of transferring the case to the court in which the first-filed case was pending). That may occur here. Thus, even if the court determined that the New Jersey Action was filed first and that the first to file rule applied, the court would nonetheless stay the action.

(citing *CMAX*, 300 F.2d at 268). Those interests are: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*.

All three interests favor staying this case. Neither party identifies any "damage" that would result from a stay, and the court does not independently discern any such "damage." (*See* MTD; Resp. at 2 (noting T-Mobile NE's agreement that this case should be stayed); Selective Supp.; T-Mobile NE Supp.) Indeed, both parties extensively detail the problems—such as duplicative litigation and inconsistent judgments—that would result from not staying the case. (*See, e.g.*, Reply (Dkt. # 12) at 6 (identifying the need to "avoid contemporaneous and duplicative litigation"); Resp. at 16 (identifying "strong equitable reasons to stay this action," such as duplicative proceedings); Selective Supp. at 2 (stating that "if this suit proceeds concurrently with the New Jersey Action, the parties will necessarily be forced to perform tasks [that] have already been performed"); T-Mobile NE Supp. at 5 (discussing "preserv[ation of] the resources of the parties and the competing courts involved" and "the substantial chance of conflicting rulings with regard to the same core claim for coverage").) T-Mobile NE's characterization of this suit as merely a "placeholder" further illustrates that the stay would not harm the parties or their rights. (Resp. at 3, 13, 17.) And as both parties note, it would be difficult to move forward with this case while the 2015 Action and the New Jersey Action also proceed. (*See* Selective Supp. at 2; T-Mobile NE Supp. at 5); *see also Lockyer*, 398 F.3d at 1110.

Accordingly, a stay promotes judicial economy.[6] *See Landis*, 299 U.S. at 254 (stating that district courts often stay proceedings where resolution of an appeal in another matter may guide the court in deciding issues before it); (*see also* Resp. at 17 (pointing out that a stay "will best promote the interests of 'federal comity' and 'sound judicial administration.'").) Because those considerations support pausing this suit while the others proceed, the court grants Selective's motion and stays the case.

But because the court imposes the stay pursuant to its inherent authority, the court declines to decide which case—the 2015 Action or the New Jersey Action—was filed first. As an initial matter, the parties raised that issue only in the context of the first to file rule, which the court does not rely on. (*See generally* MTD; Resp.) Thus, although T-Mobile NE requests that the court deem the 2015 Action the first-filed among the three suits, that determination would serve only to disturb the District of New Jersey's management of the New Jersey Action. (*See* T-Mobile NE Supp. at 10 (stating that "if the [c]ourt determines that the New Jersey action was not first filed . . . that ruling would allow T-Mobile NE to move to dismiss the New Jersey action"); *see also id.* at 3 (referencing "the negative outcome that will occur if Selective's anticipatory, competing New Jersey action is deemed to be 'first filed' and allowed to proceed during the pendency of the Ninth Circuit appeal")); (Sheridan Decl. ¶ 8, Ex. G at 15 (denying

//

---

[6] The court notes that although it acknowledges those cases may ultimately inform matters here, it makes no judgment as to how exactly—if at all—those outcomes would affect this case.

T-Mobile NE's motion to stay the New Jersey Action because of the pending appeal).)
The court declines to make an unnecessary ruling that could be used in such a way.

### IV. CONCLUSION

For the reasons set forth above, the court GRANTS Selective's motion to stay (Dkt. # 6) but does so on the basis of the court's inherent authority to control its docket. Accordingly, the court STAYS this case pending proceedings in the appeal of Case No. C15-1739JLR (W.D. Wash.) currently before the Ninth Circuit and in Case No. C17-6420-MCA-MAH (D.N.J.) currently before the District Court for the District of New Jersey. During the pendency of the stay, the court ORDERS the parties to file a joint status report ("JSR") every three (3) months advising the court of the status of those cases. However, if a significant development occurs in either of those cases before such a report is due, the court ORDERS the parties to file a JSR advising the court of the development within seven (7) days of the event. At any time, either party may move to lift the stay should circumstances warrant such a motion.

Dated this 13th day of July, 2018.

JAMES L. ROBART
United States District Judge